UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD HARRIS                                        CIVIL ACTION

VERSUS                                              NO: 15-2753

LLOYD SHIELDS, ET AL.                               SECTION: R(1)

### ORDER AND REASONS

Defendants Lloyd Shields, Andrew Vicknair, Jeff Prattini, and Jessica Derenbecker move the Court to dismiss plaintiff Lloyd Harris's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] For the following reasons, the Court grants the motion.

### I.     BACKGROUND

Pro se plaintiff Lloyd Harris filed a complaint for damages against a number of defendants, including Shields, Vicknair, Prattini, and Derenbecker.[2] Under the heading "Jurisdiction," Harris wrote the following: "Hon. Tiffany G. Chase, Judge, Division 'A'-Section 15."[3] As for his allegations against the moving defendants, Harris wrote in full:

> Plaintiffs' [sic] legal counsel Lloyd N. Shields, Andrew G. Vicknair, Jeffrey K., and Jessica R. Derenbecker, RICO/professional malpractice by failing to fulfill fiduciary responsibilities by providing proper legal representation for Case No. 2013-1478[.]

---

[1]   *See* R. Doc. 9.

[2]   R. Doc. 1.

[3]   *Id.* at 1.

Plaintiffs' [sic] legal counsel withdrawing [sic] from Case No. 2013-1478, without an explanation, after handling the case for a substantial amount of time, with no movement towards a resolution[.][4]

To encourage Harris to articulate better the allegations underlying his purported RICO claim, the Court issued a RICO Standing Order, to which Harris did not respond.[5] Shields, Vicknair, Prittini, and Derenbecker now move to dismiss Harris's complaint for lack of jurisdiction.[6] Harris has not responded.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001);

---

[4]   *Id.* at 2.

[5]   R. Doc. 3.

[6]   R. Doc. 9.

*Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Because Harris proceeds pro se, the Court will construe liberally his complaint for damages. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers."). Harris invokes neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under § 1332. Nonetheless, the Court will analyze Harris's complaint under both statutes.

### A. Federal Question Jurisdiction

Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction under section 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (2007). A plaintiff does not properly invoke federal question jurisdiction when his claim is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations omitted).

The only potential ground for federal question jurisdiction that the Court ascertains from Harris's complaint is his using the term "RICO," which the Court construes as a reference to the Racketeer Influenced and Corrupt Organizations Act,

18 U.S.C. § 1961, *et seq.* A civil RICO plaintiff has standing only if he can allege that he has suffered an injury to his business or property caused by the defendants' predicate criminal acts. *See Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003). Harris makes no such allegations here. Rather, Harris accuses his former attorneys of legal malpractice, a claim cognizable only under Louisiana law. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Section 1332 generally vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and the parties are completely diverse. 28 U.S.C. § 1332. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all person on the other side." *McLaughlin v. Miss. Power Co.*, 376 F. 3d 344, 353 (5th Cir. 2004). The party asserting diversity jurisdiction exists must "distinctly and affirmatively allege [] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citations omitted).

Here, Harris alleges that he is a citizen of the state of Louisiana, domiciled in Jefferson Parish.[7] Though Harris does not allege the citizenship of the defendants, the undisputed facts reveal that Shields, Vicknair, Prattini, and Derenbecker are also Louisiana citizens.[8] Thus, complete diversity is lacking, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Harris's complaint must be dismissed.

---

[7] R. Doc. 1 at 1.

[8] R. Doc. 9-1 at 4.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Harris's claims against all defendants for lack of subject matter jurisdiction.

New Orleans, Louisiana, this \_\_\_10th\_\_\_ day of December, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE